JUDGE DAVID BRIONES

FILED
JUN 2 4 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____ m
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | SEALED |
| Plaintiff, | § § | CRIMINAL NO. EP-09-CR-_____ |
| v. | § § | INDICTMENT |
| JOHN THOMAS SHIPLEY, | § § § | CT. 1: 18 U.S.C. § 922(a)(1)(A) - Dealing Firearms Without a License; |
| Defendant. | § § § § § § § | CTS 2, 3, 4 & 5: 18 U.S.C. § 924 (a)(1)(A) - Causing a Firearms Dealer to Maintain False Records; CT. 6: 18 U.S.C. §1001(a)(3) - False Statement. |

EP09CR1867

THE GRAND JURY CHARGES:

**COUNT ONE**
18 U.S.C. §§ 922(a)(1)(A), 924 (a)(1)(D).

**INTRODUCTION**

At all times relevant to this Indictment:

1. The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency of the United States government tasked with the responsibility of supervising, controlling and licensing the sale of firearms.

2. A Federally Licensed Firearms (FFL) dealer is an individual or entity, who after submitting an application and undergoing an investigation by ATF, is then granted a license to sell certain firearms, and other controlled items. Federal firearms laws require anyone who is a dealer to obtain a federal firearms license. Private persons can sell firearms without a license, provided they are not engaged in the business of selling firearms, such as the occasional sale of a portion of a personal firearms collection.

3. An ATF Form 4473 is a document required to be completed by the actual buyer of a firearm from any FFL. Private persons who sell an occasional firearm are not required to have the actual buyer complete an ATF Form 4473. However, an FFL must assure that the ATF Form 4473 is completed by the actual buyer of a firearm prior to the sale or transfer of the firearm and must retain the original completed ATF Form 4473 on his/her premises. The ATF Form 4473, Section A must be completed by the actual buyer and must contain, among other information, the name and residence address of the actual buyer, along with the assurance that buyer is the actual buyer of the firearm and is not acquiring the firearm on behalf of another person.

4. It is a federal crime to intentionally make material false statements on an ATF Form 4473 when making a firearms purchase.

5. Every firearm transferred or sold interstate must be transferred through an FFL.

## THE OFFENSE

1. Beginning on or about the 1st day of January, 2005, and continuing to and including on or about the 8th day of May, 2008, in the Western District of Texas, and elsewhere, the defendant,

**JOHN THOMAS SHIPLEY,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

2. During the period covered by this indictment, **JOHN THOMAS SHIPLEY,** entered into a scheme to purchase multiple firearms from several sources including private sellers, local gun stores, and from sellers he dealt with over the internet. **JOHN THOMAS SHIPLEY** re-sold those firearms to other persons via internet sales postings and through direct, face to face sales for a profit. **JOHN THOMAS SHIPLEY** selected firearms he decided were under priced, under valued, or sought after, and once he acquired them, he turned around and quickly offered them for sale to others at a profit. **JOHN THOMAS SHIPLEY** used a variety of internet web sites to locate, purchase and

sell firearms, including, but not limited to, gunbroker.com; snipershide.com; gunsamerica.com; auctionarms.com; and others known and unknown to the grand jury.

3. During the period covered by this indictment, **JOHN THOMAS SHIPLEY** posted at least two hundred eighty (280) firearms for sale on one site alone, gunbroker.com. Some of the postings were multiple listings of the same item in the event that his targeted price was not met by interested bidders. **JOHN THOMAS SHIPLEY** also actively communicated with persons seeking firearms about the benefits and features of various models in his efforts to sell the items for a profit.

4. During the time period covered by this indictment, **JOHN THOMAS SHIPLEY** purchased at least fifty four (54) firearms, and sold at least fifty one (51) firearms, all for a profit. **JOHN THOMAS SHIPLEY** collected over one hundred eighteen thousand dollars ($118,00.00) in gross receipts from these firearms sales during the period alleged in this indictment. On at least one occasion, **JOHN THOMAS SHIPLEY** posted a firearm for sale on an internet site even before he owned it. **JOHN THOMAS SHIPLEY** transferred other firearms to third parties immediately after receiving them from internet sellers.

5. On multiple occasions, **JOHN THOMAS SHIPLEY** represented to third persons that because of his employment as a federal law enforcement agent, he was able to negotiate a better price for a firearm than what the third-party was capable of doing on their own. **JOHN THOMAS SHIPLEY** then entered into an agreement to purchase the firearm from a seller for the third party, either on the internet or in person. **JOHN THOMAS SHIPLEY** then forwarded funds to the seller, and had the firearm shipped to **JOHN THOMAS SHIPLEY** through a federal firearms licensee. When the firearm arrived in the Western District of Texas, **JOHN THOMAS SHIPLEY** then completed the required Alcohol Tobacco and Firearms (ATF) Form 4473 and indicated that he was the actual buyer of the firearm, which was false since it was his intention at the time of the purchase

to immediately deliver the firearm to the third party, and that the third party was the actual buyer. **JOHN THOMAS SHIPLEY** then transferred the firearm to the third person, for a profit.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT TWO
## 18 U.S.C. §924(a)(1)(A)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about the 9th day of July, 2007, in the Western District of Texas, the defendant,

**JOHN THOMAS SHIPLEY,**

knowingly made a false statement and representation to a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of PBA Inc., d/b/a/ Collector's Gun Exchange, in that the defendant did execute a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearm, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THREE
## 18 U.S.C. § 924(a)(1)(A)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about the 13th day of August, 2007, in the Western District of Texas, the defendant,

**JOHN THOMAS SHIPLEY,**

knowingly made a false statement and representation to a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of PBA Inc., d/b/a/

Collector's Gun Exchange, in that the defendant did execute a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearm, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FOUR
18 U.S.C. § 924(a)(1)(A)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about the 6th day of September, 2007, in the Western District of Texas, the defendant,

**JOHN THOMAS SHIPLEY,**

knowingly made a false statement and representation to a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of PBA Inc., d/b/a/ Collector's Gun Exchange, in that the defendant did execute a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearm, when in truth and in fact he was not the actual purchaser, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIVE
18 U.S.C. § 924(a)(1)(A)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about the 5th day of May, 2008, in the Western District of Texas, the defendant,

**JOHN THOMAS SHIPLEY,**

knowingly made a false statement and representation to a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of PBA Inc., d/b/a/

5

Collector's Gun Exchange, in that the defendant did execute a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearm, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT SIX
### 18 U.S.C. § 1001(a)(3)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

That on or about the 21st day of March, 2008, in the Western District of Texas, Defendant,

**JOHN THOMAS SHIPLEY,**

in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency or department of the United States, the Defendant did knowingly and willfully make and use a material false writing and document by presenting to the Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agents a Dealers' Firearms Record Book, which the Defendant represented to be his only original document recording his purchases and sales of firearms, and the Defendant told the agents said document was a complete and accurate list of the firearms he bought and sold, knowing the statements and records to be false; that is in truth and in fact, Defendant had another Dealers' Firearms Record Book which contained a more extensive and descriptive list of his firearms purchases and sales, in violation of Title 18, United States Code, Section 1001.

## Notice of Government's Demand for Forfeiture
18 U.S.C. § 924(d)(1); 18 U.S.C. § 981; 18 U.S.C. § 9249n) and 28 U.S.C. § 2461( c)

As a result of the offenses set forth in Counts One, Two, Three, Four, and Five herein, Defendant

**JOHN THOMAS SHIPLEY,**

shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms and other property involved in or used in any knowing violation of the commission of the offenses, including, but not limited, to the following:

1. Rifle, MNF: Remington Arms Company, INC., Type: Rifle, Model: 700, Cal: 308, SN: G6531735;

2. Rifle, MNF: H-S Precision, INC., Type: Rifle, Model: PRO Series 2000 SA, Cal: 308, FIN: Black, SN: 3094;

3. Handgun, MNF: Glock GMBH, Type: Pistol, Model: 21, Cal: 45, SN: DNR872US

4. Rifle, MNF: Remington Arms Company, INC., Type: Rifle, Model: 700, Cal: 308, FIN: Black, SN: E6658039

5. Rifle, MNF: DPMS INC. (Defense Procurement MFG. Services), Type: Rifle , Model: LR-308, Cal: 308, FIN: Black, SN: 10717;

6. Handgun, MNF: Glock GMBH, Type: Pistol, Model: 36, Cal: 45, SN: DZG207US;

7. Handgun, MNF: Smith & Wesson, Type: Revolver, Model: 686-3, Cal: 357, SN: BNB0549;

8. Handgun, MNF: Glock GMBH, Type: Pistol, Model: 23, Cal: 40, SN: BET894US;

9. Handgun, MNF: Smith & Wesson, Type: Revolver, Model: 27-3, Cal: 357, SN: FBI0971;

10. Handgun, MNF: Springfield Armory, Geneseo, IL, Type: Pistol, Model: 1911-A1, Cal: 45, FIN: stainless, SN: NM 208816;

11. Handgun, MNF: Kimber, Type: Pistol, Model: Ultra SP II, Cal: 45, FIN: Black, SN: KUSP0408;

12. Rifle, MNF: Colt, Type: Rifle, Model: AR-15A3, Cal: 223, FIN: Black, SN: LBD001970;

13. Rifle, MNF: DPMS INC. (Defense Procurement MFG. Services), Type: Rifle, Model: LR-308, Cal: 308, FIN: Black, SN: 6104;

14. Rifle, MNF: Remington Arms Company, INC., Type: Rifle, Model: 700, Cal: 308, FIN: Black, SN: G6229014;

15. Rifle, MNF: Barrett Firearms MFG CO., Type: Rifle, Model: 82A1, Cal: 50 BMG, FIN: Black, SN: 20613;

16. Handgun, MNF: Nighthawk Custom, Type: Pistol, Model: Vickers Tactical, Cal: 45, SN: NC01411;

17. Rifle, MNF: Barrett Firearms MFG CO., Type: Rifle, Model: 82A1NO, Cal: 50 BMG, FIN: Black, SN: 4974;

18. Silencer:, 1AWC Systems Technology Silencer, Model Thundertrap .30, Serial Number 070564;

19. Ammunition, QTY: 13 rounds, MNF: Remington, Cal: 45;

20. Ammunition, QTY: 6 rounds, MNF: Winchester-Western, Cal: 357;

21. Ammunition, QTY: 14 rounds, MNF: Federal, Cal: 40;

22. Ammunition, QTY: 44 rounds, MNF: Assorted, Cal: 308;

23. Ammunition, QTY: 2,811 rounds, MNF: Assorted, Cal: .50; and

24. Seven thousand three hundred forty dollars ($ 7340.00) in United Sates Currency.

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
ACTING UNITED STATES ATTORNEY

BY: _____
GREGORY E. McDONALD
Assistant United States Attorney